IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANGELA ARTHUR, *on behalf of herself and others similarly situated*,<br><br>                Plaintiff,<br>   v.<br><br>OREGON COMMUNITY CREDIT UNION,<br><br>                Defendant. | Case No.: 6:24-cv-01700-MC |

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

On October 7, 2024, Angela Arthur ("Plaintiff") filed a class action complaint (the "Lawsuit") against Oregon Community Credit Union ("Defendant") in the United States District Court for the District of Oregon, Case No. 6:24-cv-01700-MC, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 1.

On or around September 19, 2025, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), ECF No. 21-1, which is subject to review under Fed. R. Civ. P. 23.

On September 22, 2025, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. 21.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, the claims administrator served written notice of the proposed class settlement as

directed. Defendant has complied in all respects with its obligations under 28 U.S.C. Section 1715.

On September 23, 2025, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. 22.

On November 3, 2025, Plaintiff filed her motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. 23.

On December 15, 2025, Plaintiff filed her motion for final approval of class action settlement (the "Final Approval Motion"). ECF No. 24.

On January 14, 2026, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy, for settlement purposes only, the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification, for settlement purposes only, of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order

Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes only, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom Oregon Community Credit Union placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to an Oregon Community Credit Union member or accountholder, (3) in connection with which Oregon Community Credit Union used, or caused to be used, an artificial or prerecorded voice, (4) from October 8, 2020 through April 4, 2025.

Pursuant to Fed. R. Civ. P. 23, for settlement purposes only, this Court finally certifies Plaintiff as the class representative, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC ("GDR") as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that, for settlement purposes only, the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely, in the settlement context:

> A. The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

  B. There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

  C. Plaintiff's claims are typical of the claims of the settlement class members;

  D. Plaintiff, Mr. Radbil, and GDR have fairly and adequately represented and protected the interests of all settlement class members;

  E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

  F. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

  A. The strengths and weaknesses of Plaintiff's claims, together with the risk, expense, complexity, and likely duration of further litigation, as well as the risk of maintaining class action status through trial, favor final approval:

"In the context of a class action, the extraordinary amount of judicial and private resources consumed by massive class action litigation elevates the general policy of encouraging settlements to an overriding public interest." *Wood v. Ionatron, Inc.*, No. CV 06-354-TUC-CKJ, 2009 WL 10673479, at *2 (D. Ariz. Sept. 28, 2009) (internal quotations marks omitted); *see also Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) (there is "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex"); *In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (noting "a strong public interest in encouraging settlement of complex litigation

and class action suits because they are notoriously difficult and unpredictable[,] and settlement conserves judicial resources").

Here, absent settlement, the parties would have had to continue with discovery, including multiple depositions; brief both class certification and merit-related issues; and try any issues not resolved on summary judgment. Appeals would almost certainly have followed. So given the considerable work already performed in this matter, and the work left to perform, the settlement is warranted. *See, e.g.*, *Bennett v. Behring Corp.*, 96 F.R.D. 343, 349 (S.D. Fla. 1982), *aff'd,* 737 F.2d 982 (11th Cir. 1984) (plaintiffs faced a "myriad of factual and legal problems" that led to "great uncertainty as to the fact and amount of damage," which made it "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers . . . to the vagaries of a trial");

  B.  The immediate, meaningful cash relief afforded by the settlement favors final approval:

The settlement here provides immediate and very significant cash relief to members of the settlement class, and avoids the certainty of additional, expensive, and protracted litigation. *See Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 303 (S.D. Miss. 2014) ("Although this Action was actively litigated for over two years, recovery by any means other than settlement would require additional years of litigation."); *accord Henderson v. Eaton*, No. CIV.A. 01-0138, 2002 WL 31415728, at *3 (E.D. La. Oct. 25, 2002) (following discovery "several fundamental issues in the case remained in dispute: . . . . Resolving these questions through a trial and, ostensibly, an appeal, would likely be burdensome and costly.").

Indeed, the settlement exceeds, on a per-claimant recovery basis, other recently approved TCPA class action settlements. To be sure, the number of potential settlement class members originally estimated to be sent direct mail notice of the settlement was 2,691. Kroll subsequently excluded 1,414 of those 2,691 because they were determined to be members of Defendant (and

thus not members of the settlement class). Kroll therefore ultimately sent direct mail notice of the settlement to 1,278 potential settlement class members. In response, Kroll received 113 approved claims. So after deducting the cost of notice to potential settlement class members and claims administration, litigation costs and expenses subject to this Court's approval, reasonable attorneys' fees subject to this Court's approval, and an incentive award to Ms. Arthur subject to this Court's approval, approved claimants will receive just under $10,700 each. This far surpasses comparable figures in other approved TCPA class action settlements. *See, e.g.*, *Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR, ECF No. 33 (S.D. Ga. Jan. 28, 2025) ($3,900 per claimant); *Wesley v. Snap Fin. LLC*, No. 2:20-cv-00148-RJS-JCB, ECF No. 128 (D. Utah Jan. 6, 2023) ($2,617 per claimant); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action); *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014) (approving a settlement that ultimately distributed less than $50 per claimant, *see* ECF No. 101).

To further put this in context, the court in *Markos v. Wells Fargo Bank, N.A.* characterized a $24 per-claimant recovery in a TCPA class action as "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter." No. 15-1156, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017).

What's more, the settlement provides settlement class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. *See, e.g.*, *Palm Beach Golf Center-Boca, Inc.*, 311 F.R.D. at 699 (noting that the small potential recovery in individual TCPA actions reduced the likelihood that class members will bring suit); *St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 WL 6498245, at *11 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that the class members have interest in individually controlling the prosecution of separate actions). Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own.

In the end, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation;

C. The posture of this case, and the experience and views of GDR, favor final approval:

"A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc v. Elec. Merch. Sys. Inc.*, No. C13-1347 JCC, 2015 WL 11234156, at *5 (W.D. Wash. Dec. 11, 2015). At the same time, "[t]he law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations." *Ressler v. Jacobson*, 822 F. Supp. 1551, 1555 (M.D. Fla. 1992). Moreover, "[i]n the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table[,] where the parties have sufficient information to make an informed decision about settlement."

*Gabriel v. Nationwide Life Ins. Co.*, No. C09-0508-JCC, 2010 WL 11684280, at *3 (W.D. Wash. Aug. 9, 2010).

Here, the parties engaged in significant discovery, focused both on Ms. Arthur's individual claims and on those of absent settlement class members. The settlement was, therefore, consummated when the parties were well-informed regarding the strengths and weaknesses of their respective positions. *See Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 669 (M.D. Ala. 1988) ("That is, Class Counsel developed ample information and performed extensive analyses from which to determine the probability of their success on the merits, the possible range of recovery, and the likely expense and duration of the litigation.").

As well, class counsel—who have substantial experience in litigating TCPA class actions—firmly believe the settlement is fair, reasonable, and adequate, and in the best interests of settlement class members. *See* ECF No. 23-1, ¶ 43. And "[g]reat weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation[,] because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

Additionally, the parties' arm's-length settlement negotiations through experienced counsel, with the assistance of a well-respected mediator, demonstrate the fairness of the settlement, and that the settlement is not a product of collusion. *See Bykov v. DC Transp. Servs., Inc.*, No. 2:18-CV-1691 DB, 2019 WL 1430984, at *5 (E.D. Cal. Mar. 29, 2019) ("participation in mediation tends to support the conclusion that the settlement process was not collusive"); *James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016)

("No indication appears that the settlement resulted from collusion. Rather, the parties settled with the assistance of court-appointed mediator[.]").

So given class counsel's "extensive experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, this factor supports final approval of the" settlement. *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016);

> D.   The reaction of absent class members, and the lack of objection from any government official, favor final approval:

That no settlement class member excluded himself or herself from the settlement, that no settlement class member objected to the settlement, and that no government official objected to the settlement, strongly supports final approval of the settlement. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Schuchardt v. L. Off. of Rory W. Clark*, 314 F.R.D. 673, 686 (N.D. Cal. 2016) ("The Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it."); *Lee v. Ocwen Loan Servicing, LLC*, No. 14-60649, 2015 WL 5449813, at *5 (S.D. Fla. Sept. 14, 2015) ("Obviously, a low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable."); *Hall v. Bank of Am., N.A.*, No. 12-22700, 2014 WL 7184039, at *5 (S.D. Fla. Dec. 17, 2014) (where objections from settlement class members "equates to less than .0016% of the class" and "not a single state attorney general or regulator submitted an objection," "such facts are overwhelming support for the settlement and evidence of its reasonableness and fairness"); *Hamilton v. SunTrust Mortg., Inc.*, No. 13–60749, 2014 WL 5419507, at *4 (S.D. Fla. Oct. 24, 2014) (where "not a single state attorney general or regulator

submitted an objection," combined with few objections to class settlement, "such facts are overwhelming support for the settlement").

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, considering:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    A.    <u>Settlement Fund</u> – Defendant established a $1,950,000 non-reversionary fund (the "Settlement Fund").

  B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

  a. The costs for the administration of the settlement and class notice;

  b. GDR's attorneys' fees, in the amount of $650,000, and the reimbursement of GDR's litigation costs and expenses in the amount of $7,299.74; and

  c. The incentive payment to Plaintiff, who will receive $5,000 from the Settlement Fund as acknowledgment of her role in prosecuting claims on behalf of the settlement class members.

  C. <u>Settlement Payments to Class Members</u> - Each settlement class member who has submitted an approved claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

  The settlement class members were given an opportunity to object to the settlement. Zero settlement class members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. Zero settlement class members made a valid and timely request for exclusion.

  This order is thus is binding on all settlement class members.

  Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

  This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a

plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. This order is not a finding of validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit. In no event shall this order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating in any way be used, offered, admitted, or referred to in the Lawsuit, in any other lawsuit, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

By entering this order, the Court does not make any determination as to the merits of this Lawsuit.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's unopposed motion for attorneys' fees, costs, expenses, and an incentive award, ECF No. 23, class counsel's request for an award of attorneys' fees of $650,000 is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $7,299.74 is approved. *See id*.

Plaintiff's request for an incentive award of $5,000 is approved. *See id*.

IT IS SO ORDERED.

DATED this 14th day of January 2026.

          /s/ Michael McShane
        **Michael J. McShane**
      **United States District Judge**